UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN C. GEIST and BECKY PARKER GEIST,

    Plaintiff(s),

  vs.

FIRST SOURCE FINANCIAL USA, INC., et al.,

    Defendant(s).
_____/

No. C 10-0642 MHP

**ORDER DISMISSING COMPLAINT**

    Plaintiffs filed this complaint in this court against several defendants seeking declaratory and injunctive relief to void a forced sale of their property. There is no allegation as to the basis for this court's jurisdiction which must be based either on a federal question or on diversity of citizenship.

    Reviewing the complaint, the only references to any federal statutes or laws are Federal Rule of Civil Procedure 55 and 12 U.S.C. section 93. The Federal Rules of Civil Procedure do not create or form a basis for private causes of action. They are merely rules by which claims over which this court already has jurisdiction are governed. Rule 55 relates to the entry of default judgments over which the court actually has jurisdiction; the Rule itself does not confer jurisdiction. Section 93 of Title 12 does not provide a right of action to plaintiffs such as the plaintiffs in this action. Nor does that section govern the conduct complained of here.

    There are several mentions of the United States Constitution in the complaint but the only reference to any provisions of the Constitution is the use of the term "due process" which is sprinkled throughout the complaint. The Supreme Court has clearly held that the Due Process Clause provides a remedy only where there has been a deprivation of due process by the government; it does not govern private conduct. *See Jackson v. Metropolitan Edison Co.*, 419 U.S.

345 (1974). Thus, this court finds that the complaint fails to state a federal question claim.

The complaint fairs no better on diversity jurisdiction grounds which requires that the plaintiff and all defendants be citizens of diverse states. If one or more of the defendants is a citizen of the same state as the plaintiffs there is no diversity jurisdiction. In its seminal opinion on diversity jurisdiction the Supreme Court stated that diversity jurisdiction requires *each* defendant be a citizen of a state different from the state of citizenship of *each* plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Although, the allegations in this complaint are imperfect and do not meet the minimal standards for alleging diversity of citizenship, it is clear from the complaint that the plaintiffs are residents of California and that at least two of the defendants are California companies. It does not appear that plaintiffs could cure these deficiencies.

Furthermore, Rule 12(h)(3) of the Federal Rules of Civil Procedure specifically provides that if a "court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added). Thus, courts have routinely held that the question of diversity jurisdiction may be raised *sua sponte*. *See, e.g., Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002);

On its face the complaint in this case shows that there is neither federal question or diversity jurisdiction. Therefore, this court has no jurisdiction to consider plaintiffs' complaint and the complaint must be DISMISSED for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the claims in state court.

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Date: March 3, 2010

MARILYN HALL PATEL
United States District Court Judge

2